IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IN RE: ) | | Chapter 11 |
| ) | | |
| BARTLETT MANAGEMENT SERVICES, ) | | Case No. 17-71890 |
| INC., an Illinois corporation, ) | | |
| ) | | |
| Debtor, ) | | |
| ) | | |
| | | |
| IN RE: ) | | |
| ) | | Chapter 11 |
| BARTLETT MANAGEMENT ) | | |
| INDIANAPOLIS, INC., ) | | Case No. 17-71892 |
| an Illinois corporation, ) | | |
| ) | | |
| Debtor, ) | | |
| | | |
| IN RE: ) | | |
| ) | | Chapter 11 |
| BARTLETT MANAGEMENT PEORIA, ) | | |
| INC., ) | | Case No. 17-71893 |
| an Illinois corporation, ) | | |
| ) | | |
| Debtor. ) | | |

**STEVEN M. NESBITT'S VERIFIED RULE 2014(A) STATEMENT**

I, Steven M. Nesbitt, Executive Vice President of Valenti Florida Management, Inc., the accountants and advisors of Bartlett Management Services, Inc. ("BMSI"), Bartlett Management Indianapolis, Inc. ("BMII") and Bartlett Management Peoria, Inc. ("BMPI," and collectively with BMSI and BMII, the "Debtors"[1]), debtors and debtors-in-possession in the above-captioned Chapter 11

---

[1] The Debtors and the last four digits of the Debtors' United States Tax Identification Number following in parentheses are: Bartlett Management Services,

cases (the "Cases"), respectfully state and certify as follows in accordance with sections 327 of the Bankruptcy Code, 11 U.S.C. §327, and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure:

1. I make this declaration in support of the **Debtors' Application for an Order Authorizing the Employment and Retention of Valenti Florida Management, Inc., as Accountants and Financial Advisors to the Debtors (the "Application").**[2]

2. The statements set forth in this declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other VFM personnel.

3. Except as set forth herein, to the best of my knowledge, VFM and its principals and directors do not hold or represent any interest adverse to the Debtors and their estates, and (ii) VFM has no connection to the Debtors, the Debtors' significant creditors, other known significant parties-in-interest in these Chapter 11 Cases, or to the attorneys and accountants that are known to us to be assisting the Debtors, or to the Office of the United States Trustee,

---

Inc. (4428), Bartlett Management Indianapolis, Inc. (2750), and Bartlett Management Peoria, Inc. (1543). The mailing address of all of the Debtors is 70 Clinton Plaza, Clinton, Illinois, 61727-2170.

[2] Capitalized terms used but not defined in this declaration shall have the meaning assigned to those terms in the Application.

4. I have had an approximately 10% minority interest in Lopax, Inc. (formerly known as Valenti Midwest, Inc. ("VMI")), since 1996 (and prior thereto).

5. As of December 1996, Lopax (then known as VMI) was the owner of a substantial number of the KFC franchises and locations that today comprise BMSI.

6. At the time, Darrell J. Valenti possessed an approximately 80% interest in Lopax, and Michael W. Bartlett also had a minority ownership interest in Lopax, as he had been working with Mr. Valenti since the 1970's when the latter first became a KFC franchisee.

7. In December 1996, Lopax entered into an agreement (the "Original Lopax Agreement") with BMSI, which was wholly owned by Mr. Bartlett, pursuant to which Lopax sold the franchises for approximately 27 Midwest KFC's in their entirety to BMSI, and also (a) leased the real property on which the KFC's operated their restaurants to BMSI, (b) leased the equipment that was used in these KFC's to BMSI, and (c) agreed to provide accounting and human resource services for BMSI.

8. In exchange, BMSI agreed to pay Lopax amounts increasing from approximately $4.5 million per year to $6 million per year for the first 15 years of the agreement (i.e., through 2011).

9. By 2008, the Debtors had either acquired from Lopax, or entered into direct leases with third party lessors for, all of the real property on which the

3

restaurants were located, and had replaced a substantial portion of the originally leased equipment (as of the Petition Date they have replaced substantially all of it) with equipment that the Debtors purchased.

10. Thus, effectively, all that remained of the original Lopax agreement were (a) the amounts still owing under the agreement, and (b) the accounting and other services that Lopax was providing to the Debtors.

11. At this time, Lopax and BMSI (a) restated the Original Lopax Agreement as an equipment lease (at $125,000 per month, or $1.5 million per year, through 2013), and (b) Valenti Florida Management ("VFM"), an affiliate of Lopax in which I possess a 15.6% interest, and Mr. Valenti possesses a 67.7% interest, replaced Lopax as the entity providing the accounting and advisory services to all three Debtors that Lopax previously had been providing under the Original Lopax Agreement (the "VFM Agreements").

12. BMSI continues to owe Lopax approximately $3.64 million under the Equipment Lease, and pays Lopax $25,000 per month (when BMSI has the funds).[3]

---

[3] Lopax is also an unsecured creditor of BMSI under a combined (fully-drawn) line of credit and a promissory note in the total amount of approximately $2.65 million for funds that Lopax and a related entity have loaned to BMSI since 2008 for BMSI's operations and to prevent (or cure) BMSI's default of its loan agreements with its senior secured lender, Heartland Bank and Trust Company.

13. At the time of the Original Lopax Agreement in 1996, I was a Certified Public Accountant and I performed with my staff the Bartlett entities' accounting and cash management services.

14. I was a minority owner (15.6%), as well as an Executive Vice President of VFM, when VFM assumed responsibility for the accounting and human resource work for Bartlett in 2008.

15. At least since 2008, when VFM and Bartlett entered into the VFM Agreements, I have acted as Bartlett's de facto CFO; and since 2014, VFM's senior accountant, Margarita Young, has served as Bartlett's controller.

16. During this period, I have made substantially all of the day-to-day decisions regarding Bartlett's payments of its landlords, vendors, employees and service providers, with Mr. Clawson (who purchased all of the outstanding stock of the three Bartlett entities from Mr. Bartlett in 2008) principally focusing on the operations of the numerous Bartlett restaurants, but having the power to override or direct any spending decision that I made in the daily operations of the three Debtors.

17. The 2008 VFM agreements (one with each of the Debtors) expired by their terms in December 2016.

18. Under the terms of the Agreements, BMSI paid VFM $492,000 per year through December 2011, and then $565,800 per year through December 2016; with BMII and BMPI paying 1% of their sales (roughly $75,000 and $50,000, respectively) during this period.

5

19. In 2015, VFM revised the agreements, and, for that year, charged BMSI only $470,000; with the other two Bartlett entities continuing to pay 1% of sales during this year.

20. Commencing January 1, 2016, through March 2017, VFM reworked the agreements such that BMSI paid $355,200, BMPI paid $76,800 and BMII paid $48,000, for a total of only $480,000 for calendar year 2016.

21. As of March 1, 2017, VFM and Bartlett changed the payment structure again, with VFM charging BMSI-$31,000, BMPI-$9,800.00 and BMII-$6,200.00, for a total monthly charge of $47,000 per month, or an annualized $564,000 per year.

22. In addition to Ms. Young and me, four VFM employees work on Bartlett matters exclusively, and another does so while performing other functions for VFM and its other clients.

23. The Debtors currently owe VFM approximately $1.4 million for unpaid fees. In 2017, the Debtors paid the monthly charges for January through April 2017, but they have not made a payment since April for VFM's services.

24. I am also a 52% owner of Nesbitt Real Estate Holdings, LLC ("Nesbitt Holdings"), an Illinois limited liability company, which owns three of the locations that the Debtors lease: (a) Store #44 in Machesney Park, Illinois (Winnebago County); (b) Store #9 in Loves Park Illinois (also Winnebago County); and (c) Store #7 in Janesville, Wisconsin (across the Illinois-Wisconsin border north

of Winnebago County, Illinois). Members of my family own the remaining 48% pf the membership interests in Nesbitt Holdings.

25. Nesbitt Holdings acquired these three properties from in 2016, and leases the foregoing three locations to BMSI under a single Master Lease.

26. In March 2017, Store #44 (Machesney Park) suffered catastrophic damage from a fire.

27. Under the Master Lease, BMSI was required to insure the Machesney Park building and premises (among other things), with Nesbitt Holdings as the loss payee with respect to the insured property that it owned.

28. BMSI also is required to rebuild the restaurant.

29. BMSI has received approximately $976,000 from the insurance company for the reconstruction of the Machesney Park property that Nesbitt Holdings owned or owns, and at my direction or with my authorization, has expended approximately $400,000 of these funds in the operation of the Bartlett entities in order to prevent or cure defaults with their lender or other creditors.

30. I agree that my compensation and reimbursement of expenses shall be paid only as and when approved by this Court after appropriate notice and opportunity for hearing.

31. VFM has no arrangement for the sharing of any of the fees that it may bill or receive in these Cases or any related case.

I, Steven M. Nesbitt, certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

/s/ Steven M Nesbitt
Steven M. Nesbitt

November 8, 2017
Date

Dated: December 6, 2017

Respectfully submitted,

By: /s/ Jonathan A. Backman
Counsel for the Debtors

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 North Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX: (309) 820-7430
jbackman@backlawoffice.com

*Proposed Counsel for Debtors
Bartlett Management Services, Inc.,
Bartlett Management Indianapolis, Inc., and
Bartlett Management Peoria, Inc.*