**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | |
| **BARTLETT MANAGEMENT SERVICES, INC.,** *et al.*,[*] | ) ) ) | Case No. 17-71890 |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |

**DEBTORS' APPLICATION TO EMPLOY
SMITH & ASSOCIATES AS THEIR TAX ACCOUNTANT**

Bartlett Management Services, Inc. ("BMSI"), Bartlett Management Indianapolis, Inc. ("BMII") and Bartlett Management Peoria, Inc. ("BMPI," and collectively with BMSI and BMII, the "Debtors"), debtors and debtors-in-possession in the above-captioned Chapter 11 cases (the "Cases"), respectfully apply to this court pursuant section 327(a) of the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure for the authority to employ Michael J. Smith & Associates, Inc., ("S&A") as its accountant in these Cases.[1] In support of this application (the "Application"), the Debtors state as follows:

---

[*] The Debtors in these chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Bartlett Management Services, Inc. (4428), Bartlett Management Indianapolis, Inc. (2750), and Bartlett Management Peoria, Inc. (1543). The mailing address of all of the Debtors is 70 Clinton Plaza, Clinton, Illinois, 61727-2170.

[1] Because the Debtors are not proposing to make any payments to S&A at this time, they are limiting the service of this Application to the Office of the United States Trustee and the parties on the electronic service list in accordance with Bankruptcy Rule 2014(a).

## Procedural Background

1. On December 5, 2017 (the "Petition Date"), the Debtors commenced these Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. A detailed explanation of the Debtors' structure and operations as well as a recitation of the events leading up to the commencement of these Cases, is provided in the **Declaration of Robert E. Clawson in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief**, which the Debtors filed on the Petition Date (the "Clawson Declaration").

4. On January 8, 2018, the Office of the United States Trustee ("UST") appointed an official committee of unsecured creditors in each of the Cases (the "Committees").

5. No request for the appointment of a trustee or examiner has been made in the Cases.

**Jurisdiction, Venue and Statutory Predicates**

5.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.  The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2002(i) 2014 and 2016.

**Background**

7.  S&A is an Illinois corporation, currently in good standing in the state of Illinois.

8.  Michael J. Smith has been the tax accountant for the Bartlett entities since their formation in 1997, during which time he has been a reliable and valued partner to the companies.

9.  At least since 2008 (when Mr. Clawson became president and owner of the Debtors), S&A has been solely responsible for the preparation, review, and filing of the income tax returns for each of the Bartlett entities.

10. During this same period S&A also prepared the returns for Bob and Sharon Clawson, primarily because Mr. Clawson is the sole shareholder of the stock of the Bartlett companies, and the entities are organized as Subchapter S, flow-through corporations.  S&A charges the Clawsons $14,500 to prepare their annual returns.

11.    Although the Debtors have not historically engaged Mr. Smith under a formal contract or services agreement, over the years S&A has consistently charged between $15,000 to $16,000 per year for the preparation, review, and filing of the tax returns for each Bartlett entity (total consolidated annual amount of $45,000 - $48,000). These amounts have included S&A's expenses for traveling to Tampa for 1-3 days each year to review the hard copies of all of the financial documents to review the documents that Debtors' third party accounting firm, Valenti Florida Management, Inc ("VFM"), possessed.

12.    Beginning in 2014, the Bartlett companies entered into a refinancing agreement with their primary lender, Heartland Bank and Trust ("HBT"). As part of the refinancing agreement, HBT required that the Bartlett companies provide HBT with professionally prepared financial statements for each Bartlett entity for every fiscal year beginning in 2014. Since that time Mr. Smith has prepared the required financial statements in addition to his normal tax return preparation services. For these additional services S&A charged the Bartlett companies between $15,000 and $15,750 per entity, per year (total $45,000-$47,250).

13.    Since 2012, S&A has also served as tax accountant for Clawson Management Taco Bell, Inc., and Clawson Management Steak and Shake Inc. (together the "Clawson Entities").

14. As reported on the Schedules for Debtor BMII, as of the Petition Date, BMII owed S&A's firm $10,516.50. If retained, S&A has agreed to waive this amount.

## Engagement of S&A

### Mr. Smiths' Qualifications for the Engagement

15. As reflected in the Rule 2014 statement of Michael J. Smith, (the "Smith Statement"), which the Debtors are filing substantially concurrently with this Application, Mr. Smith has substantial experience and expertise as a tax accountant.

16. To the best of the Debtors' knowledge and belief, no one at S&A has any direct or indirect relationship to, connection with, or interest in any of the Debtors, any creditor of the Debtors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in the Smith Statement and below:

   a. Mr. Smith bas been preparing the individual tax returns for Michael Bartlett, the Debtors' former owner (until 2008) and one of its directors, for many years;

   b. Mr. Smith has also been preparing the individual tax returns for Dale Boyer (a former owner of a small amount of Debtor stock and a current creditor of the Debtors) for a number of years; and

      c.      Mr. Smith prepared the individual tax returns for Steven Nesbitt through Tax Year 2016, but was advised in mid-2017, that he no longer would be preparing his individual tax returns.

17.      Mr. Clawson and Mr. Smith have agreed that if the Court finds that the continuation of S&A services for the Clawsons, the Clawson Entities, or any one of them would prevent the approval of the employment for the Debtors in these Cases, then S&A would cease providing these services.

18.      With S&A's agreement to waive its pre-petition claim, S&A is clearly disinterested within the meaning and intent of Section 101(14) and Section 1107(b) of the Bankruptcy Code.  *See* 11 U.S.C. §101(14).

19.      At the same time, Mr. Smith's performance of accounting work for Mr. Clawson, the Clawson Entities and Mr. Bartlett arguably means that he "represents an interest adverse to the estate." 11 U.S.C. 327(a).

20.      Yet, inasmuch as (a) the Debtors are seeking to engage S&A exclusively to prepare their federal tax returns, and (b) the Debtors are S-corporations, the profits (or, in reality, losses) of which will flow through to Mr. Clawson, the Debtors submit that any such technical adversity should not impact on S&A's engagement here.

21.      For one, in view of S&A's limited role, S&A does not represent an interest adverse to the estate with respect to the matters for which the Debtors seek to engage the firm.

22. Furthermore, as the court discussed at length in *In re Houligans of Eau Claire, Inc.*, No. 93-11291-11, 1993 WL 13003861 (Bankr. W.D. Wis. Dec. 6, 1993), the functions that an accountant being engaged solely to prepare tax returns for a debtor serves a wholly different function that attorney or other advisor to a debtor.

23. Indeed, especially in view of the Debtors' S-corporation status, Mr. Smith not only will not be making any professional judgments that would impact on the Debtors' reorganization efforts, but even if he were, such judgments would impact Mr. Clawson, not the Debtors.

24. Thus, as the *Houligans* court noted, "denying the [Debtors' Application] would . . . waste resources of the debtor on duplicative accounting work and could thereby reduce any eventual return to unsecured creditors." *In re Houligans of Eau Claire, Inc.*, *supra*, 1993 WL 13003861, at *2 (Bankr. W.D. Wis. Dec. 6, 1993).

25. Accordingly, the Debtors ask that the Court authorize them to employ S&A to prepare all required 2018 tax returns (for tax year 2017) and related statements for a flat fee of $15,500 per Debtor, or a total of $46,500 for all three Debtor entities, inclusive of out-of-pocket expenses.

26. Consistent with Section 504 of the Bankruptcy Code, S&A will not share or agree to share compensation or reimbursement with any other person or entity.

27. Mr. Smith's compensation and reimbursement of expenses will be paid only as and when approved by this Court after appropriate notice and opportunity for hearing,

## **Conclusion**

WHEREFORE, the Debtors pray that the Court enter an Order (i) authorizing the Debtors (a) to employ S&A as their tax accountant under the fixed fee arrangement set forth above, (b) to authorize the payment of such fee to S&A only upon application to, and approval by, this Court after appropriate notice and opportunity for hearing, and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: June 27, 2018

                                            Respectfully submitted,

                                            By: /s/ Jonathan A. Backman

## **CERTIFICATE OF SERVICE**

I, Jonathan A. Backman, an Illinois attorney, hereby certify that on June 27, 2018, I filed the foregoing **Debtors' Application to Employ Smith & Associates as their Tax Accountant** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark A. Bogdanowicz on behalf of Creditor Heartland Bank and Trust Company
mbogdanowicz@howardandhoward.com, pkinsman@howardandhoward.com

Edward Q. Costa on behalf of Creditor Eichenauer Services, Inc.
costa@smsjslaw.com

James T. Finegan on behalf of Interested Party Robert Clawson
jasfin@aol.com, fineganbankruptcylaw@yahoo.com; apbfineganlaw@yahoo.com; rfinegan@gmail.com

Craig Solomon Ganz on behalf of Creditor SCF-HW-G, LLC
ganzc@ballardspahr.com, hartt@ballardspahr.com, PHXDocketingbkr@ballardspahr.com

Brian David Jones on behalf of Creditor KFC
bdjones@sorlinglaw.com

Cari Kauffman on behalf of Creditor American Honda Finance Corporation
ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com

Mark A. Ludolph on behalf of Creditor JA-BO, Inc.
mludolph@heylroyster.com,tphelps@heylroyster.com, peoctdocket@heylroyster.com

Matthew McClintock on behalf of Creditor Committee Official Committee of Unsecured Creditors
mattm@goldmclaw.com, teresag@restructuringshop.com, seanw@restructuringshop.com

Michael S. Myers on behalf of Creditor SCF-HW-G, LLC
myersms@ballardspahr.com, hartt@ballardspahr.com, PHXDocketingbkr@ballardspahr.com

Jeffrey D. Richardson on behalf of Creditor V5 Enterprises LLC Series B
jdrdec@aol.com

Timothy E. Ruppel on behalf of U.S. Trustee
tim.ruppel@usdoj.gov, timmy.ruppel@gmail.com

Mark D. Skaggs on behalf of U.S. Trustee
Mark.D.Skaggs@usdoj.gov

Howard Marc Spector on behalf of Creditor Micromont Holdings 4, LLC
hspector@spectorjohnson.com

U.S. Trustee
USTPRegion10.PE.ECF@usdoj.gov

David L Wentworth, II on behalf of Creditor Lynn Moses Plumbing, Inc.
dwentworth@hwgsb.com

and I hereby certify that I am serving the document to the following non-CM/ECF

recipients: None.

    /s/ Jonathan A. Backman