**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **IN RE** | ) | **Chapter 11** |
| | ) | |
| **BARTLETT MANAGEMENT SERVICES, INC.,** *et al.,*[*] | ) | **Case No. 17-71890** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |

---

**DEBTORS' (A) FINAL APPLICATION TO ALLOW AND PAY
COMPENSATION TO TAX ACCOUNTANT MICHAEL J. SMITH &
ASSOCIATES, (B) REQUEST TO SHORTEN (BUT NOT LIMIT) NOTICE,
(C) REQUEST FOR AUTHORITY TO SERVE THE NOTICE OF HEARING
ON THE APPLICATION ON THE FULL MAILING MATRIX, AND
(D) REQUEST FOR HEARING ON NOVEMBER 15, 2018**

---

Jonathan A. Backman                    Date: November 4, 2018
Law Office of Jonathan A. Backman
117 N. Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX:  (309) 820-7430
jbackman@backlawoffice.com

*Counsel for Debtors Bartlett Management Services, Inc., et al.*

---

[*]        The Debtors in these chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Bartlett Management Services, Inc. (4428), Bartlett Management Indianapolis, Inc. (2750), and Bartlett Management Peoria, Inc. (1543).  The mailing address of all of the Debtors is 70 Clinton Plaza, Clinton, Illinois, 61727-2170.

**Application Summary**

| Interim or Final | Final |
|---|---|
| Total Fees Incurred | $46,500.00 |
| Total Fees Requested | $46,500.00 |
| Total Expenses Requested | $     0.00 |
| Total Request | $46,500.00 |
| Fees for BMSI | $15,500.00 |
| Fees for BMPI | $15,500.00 |
| Fees for BMII | $15,500.00 |

Bartlett Management Services, Inc. ("BMSI"), Bartlett Management Indianapolis, Inc. ("BMII"), and Bartlett Management Peoria, Inc. ("BMPI," and collectively with BMSI and BMII, the "Debtors"), debtors and debtors-in-possession in the above-captioned Chapter 11 cases (the "Cases"), by their undersigned counsel, respectfully (a) submit this application (the "Application") pursuant to sections 327, 328 and 330 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code," the "Code," or where context is clear "§"), for a final allowance of the professional fees of its tax accountant Michael J. Smith & Associates, Inc. ("S&A"), for the preparation of the Debtors' 2017 corporate tax returns (the "Tax Returns"), and (b) request that the Court authorize the Debtors to serve a notice and opportunity to object (or notice of a hearing on) the Application, but not the full Application, on the Debtors' combined mailing matrix.  In support of the Application, the Debtors state as follows:

2

## **Pertinent Background**

1.      The Debtors commenced these Cases by filing with this Court on December 5, 2017 (the "Petition Date"), voluntary petitions for relief under the Bankruptcy Code.

2.      On January 8, 2018, the Office of the United States Trustee appointed an Unsecured Creditors' Committee in each of the three Cases.

3.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are authorized to operate their business and manage their properties as Debtors in possession.

4.      A detailed explanation of the Debtors' structure and operations, as well as a recitation of the events leading up to the commencement of these Cases, is provided in the **Declaration of Robert E. Clawson in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief** (the "Clawson Declaration"), filed on the Petition Date [Doc. 12].

5.      On June 27, 2018, the Debtors' filed their application to employ S&A to prepare the Tax Returns under the flat fee arrangement set forth therein (the "Application") [Doc. 299].

6.      No parties objected to the Application.

7.      On July 17, 2018, the Court entered an Order authorizing Michael J. Smith of S&A to serve as the Debtors' tax accountant [Doc. 328].

## Jurisdiction and Venue

8.    This Court possesses subject matter jurisdiction over these Cases pursuant to 28 U.S.C. §1334(a), and over this Application pursuant to 28 U.S.C. §1334(b).

9.    This Application and the proceedings to be held in accordance herewith constitute core proceedings under 28 U.S.C. §§ 157(b)(2)(A) and (B).

10.    The statutory basis for the relief requested is sections 327, 328(a), 330, 331 and 363 of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

## Summary of Services Provided

11.    During the Application Period, S&A incurred fees in the amount of $15,500 for each of the three Debtors, for total fees of $46,500 for the preparation of the Tax Returns.

12.    The services rendered were rendered at the behest of, and under the direction of, the Debtors and their counsel, in furtherance of the performance of their powers and duties under sections 1107 and 1108 of the Bankruptcy Code.

13.    S&A is not billing for any specific out-of-pocket expenses in connection with these services inasmuch as its fixed fee encompassed the expenses that it would incur in preparing and filing the Tax Returns.

**Requests for Relief**

**I.**  **Fee Request**

14.     Section 327(a) of the Code authorizes a debtor to employ accountants or other professional persons with the Court's approval if they do not hold an interest adverse to the estate and are disinterested persons.

15.     Section 327(b) of the Code authorizes a debtor who has regularly employed attorneys, accountants, or other professional persons on salary, to retain or replace such professional persons if necessary in the operation of such business.

16.     Section 328(a) of the Code allows a debtor to authorize the employment of a professional under section 327 "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis," and further authorizes the Court to "allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

17.     As set forth above, by preparing the Tax Returns, S&A has performed the services for which it was employed.

18.     Furthermore, no developments have arisen since the Engagement Order that would warrant this Court revisiting or altering the requested compensation.

19.     To the contrary, S&A's services were precisely as complex, and urgent, as anticipated at the time the Debtors employed the firm

20.     That is, the Tax Returns indisputably were essential to the Debtors inasmuch as the filing (and, for that matter, timely filing) of the returns were required as requirements both of the Debtors' remaining in Chapter 11, and of their rights to use cash collateral under their interim cash collateral orders with Heartland Bank and Trust Company.

21.     In addition, the Tax Return encompassed hundreds of pages, with filings at the federal level and in Illinois, Wisconsin and Indiana.

22.     Both the U.S. Trustee and HBT have had copies of the returns since a day or so after the day on which the Debtors filed them, and none has raised any issues with the thoroughness or quality of the returns.

23.     What's more, albeit not constituting an "unanticipated" factor in view of the date on which the Debtors sought to engage S&A — for which it charged the same this year as in recent years — S&A's work was complicated by the Debtors' change in financial service providers (i.e., from VFM to RPT), which required S&A to review the financial information that it received from these providers in materially greater detail, and with significantly less assistance, than had been the case in prior years; that is, although VFM had compiled the Debtors' financial records for all of 2017, S&A was preparing the returns after RPT had taken possession of the records and was still in the process of understanding VFM's

record-keeping system during the time when S&A ordinarily would have been positing questions about the records to VFM.

24.     Accordingly, the Debtors submit that, even more so here than in an ordinary case, allowing S&A the full amount of its fixed fee arrangement is particularly appropriate.

## II.   <u>Notice of Application</u>

25.     The Debtors are serving this entire Application only on the UST, the Committees and the other parties who requested service of all pleadings and papers filed in these Cases, but are requesting that the Court authorize them to serve a notice of the (requested November 15, 2018) hearing on the Application on the Debtors' full combined mailing matrix.

26.     Such a notice, in lieu of serving the entire Application, would comport with Rule 2002(a)(6), and would enable individual creditors or other parties in interest to obtain copies of the entire Application if they requested it, without requiring the Debtors to incur the expense of serving the full Application on all such parties.

## III.   <u>Request for Hearing on November 15, 2018</u>

27.     The Debtors are requesting that the Court hear this Application on November 15, 2018, concurrently with the multiple other matters that the Debtors will be presenting on that date.

28.   In doing so, the Debtors recognize that even if they serve the notice of the hearing on the first business day following the filing of the Application, the hearing will be on shortened (but not limited) notice.

29.   The Debtors submit, however, that the November 15 hearing request, and the attendant shortened notice period, are appropriate here in that (i) S&A requested no retainer for its engagement, (ii) S&A commenced its work many months ago — indeed, due to the transition to RPT, before it was even engaged (thereby assuming the risk that it would not be approved and would have done the work for free), (iii) completed its work more than six weeks ago, and (iv) clearly satisfied its obligations under the terms of its engagement (such that providing additional time for parties to review the Application almost certainly would have no impact on the outcome of the Application).

## <u>Conclusion</u>

WHEREFORE, for all of the reasons discussed above, the Debtors respectfully request that this Court enter an Order (i) approving a final allowance of S&A's fees in the amount of $46,500 (i.e., $15,500 per Debtor), (ii) authorizing the Debtors to serve notice of the hearing on this Application on the full mailing matrix in the Cases, (iii) scheduling the hearing on the Application for November 15, 2018, at 1:30 p.m., concurrently with the other hearings that the Court has scheduled for that day and time, and (iv) granting the Debtors and Mr. Smith such other and further relief as to which they may be entitled.

8

Dated:  November 4, 2018

Respectfully submitted,

By:  /s/ Jonathan A. Backman

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 N. Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX:  (309) 820-7430
jbackman@backlawoffice.com

*Counsel for Debtors Bartlett Management Services, Inc., et al.*

9

## CERTIFICATE OF SERVICE

I, Jonathan A. Backman, an Illinois attorney, hereby certify that on November 4, 2018, I electronically filed **Debtors' (A) Final Application to Allow and Pay Compensation to Tax Accountant Michael J. Smith & Associates, (B) Request to Shorten (But Not Limit) Notice, (C) Request for Authority to Serve Notice of Hearing on the Third Application on the Full Mailing Matrix, and (D) Request for Hearing on November 15, 2018,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Erika Barnes on behalf of Creditor KFC Corporation
ebarnes@stites.com, mdennis@stites.com;docketclerk@stites.com

Mark A. Bogdanowicz on behalf of Creditor Heartland Bank and Trust Company
mbogdanowicz@howardandhoward.com, pkinsman@howardandhoward.com

Edward Q. Costa on behalf of Creditor Eichenauer Services, Inc.
costa@smsjslaw.com

James T. Finegan on behalf of Interested Party Robert Clawson
jasfin@aol.com, fineganbankruptcylaw@yahoo.com; apbfineganlaw@yahoo.com; rfinegan@gmail.com

Craig Solomon Ganz on behalf of Creditor SCF-HW-G, LLC
ganzc@ballardspahr.com, hartt@ballardspahr.com; PHXDocketingbkr@ballardspahr.com

Harold Hirshman on behalf of Creditor Kmart Stores of Illinois LLC
Harold.hirshman@dentons.com

Brian David Jones on behalf of Creditor KFC and Creditor KFC Corporation
bdjones@sorlinglaw.com

Mark A. Ludolph on behalf of Creditor JA-BO, Inc.
mludolph@heylroyster.com, tphelps@heylroyster.com; peoctdocket@heylroyster.com

Matthew McClintock on behalf of Creditor Committee Official Committee of

Unsecured Creditors
mattm@goldmclaw.com, teresag@restructuringshop.com;
seanw@restructuringshop.com

Michael S. Myers on behalf of Creditor SCF-HW-G, LLC
myersms@ballardspahr.com, hartt@ballardspahr.com;
PHXDocketingbkr@ballardspahr.com

Jeffrey D. Richardson on behalf of Creditor V5 Enterprises LLC Series B
jdrdec@aol.com

Timothy E. Ruppel on behalf of U.S. Trustee
tim.ruppel@usdoj.gov, timmy.ruppel@gmail.com

Mark D. Skaggs on behalf of U.S. Trustee
Mark.D.Skaggs@usdoj.gov

Howard Marc Spector on behalf of Creditor Micromont Holdings 4, LLC
hspector@spectorjohnson.com

U.S. Trustee
USTPRegion10.PE.ECF@usdoj.gov

David L. Wentworth, II on behalf of Creditor Lynn Moses Plumbing, Inc.
dwentworth@hwgsb.com

and I hereby state that I have deferred service of the Motion on the following non-

CM/ECF recipient who has filed a request for notice in this Case:

BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118,

pending a combined service of all remaining motions set for hearing on November

15, 2018.


          __ /s/  Jonathan A. Backman __
              Jonathan A. Backman