**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | |
| BARTLETT MANAGEMENT SERVICES, INC., *et al.*,[*] | ) ) ) | Case No. 17-71890 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**DEBTORS' EMERGENCY MOTION (I) TO MODIFY SALE PROCEDURE ORDER DEADLINES, (II) TO CONTINUE THE JANUARY 3, 2019, SALE APPROVAL HEARING TO ON OR AROUND JANUARY 10, 2019, AND (III) TO APPROVE NOTICE TO ALL CREDITORS AND OTHER PARTIES IN INTEREST OF THE CONTINUED DATES AND DEADLINES**

Bartlett Management Services, Inc. ("BMSI"), Bartlett Management Indianapolis, Inc. ("BMII") and Bartlett Management Peoria, Inc. ("BMPI," and collectively with BMSI and BMII, the "Debtors"), debtors and debtors-in-possession in the above-captioned Chapter 11 cases (the "Cases"), respectfully move this Court (the "Motion"), on an emergency basis, (i) to modify certain dates and deadlines set forth in the Sale Procedures Order (as hereinafter defined), (ii) to continue the hearing currently scheduled for January 3, 2019, at 10:00 a.m., (the "Sale Approval Hearing"), by one approximately one week, to on or about January 10, 2019 (as the Court's schedule may allow), and (iii) to approve the Debtors' service of notice of the revised dates and deadlines and continued hearing.  In support of their emergency Motion, the Debtors state as follows:

---

[*]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Bartlett Management Services, Inc. (4428), Bartlett Management Indianapolis, Inc. (2750), and Bartlett Management Peoria, Inc. (1543).  The mailing address of all of the Debtors is 70 Clinton Plaza, Clinton, Illinois, 61727-2170.

**Procedural Background**

1. On December 5, 2017 (the "Petition Date"), the Debtors commenced these Cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 25, 2018, the Debtors filed the **Debtors' Emergency Motion for Entry of an Order (I) (A) Authorizing the Debtors to Sell Substantially All of Their Assets Free and Clear of All Interests, Including Liens, Claims, and Encumbrances, at a Public Auction with Any Liens to Attach to the Sale Proceeds, (B) Establishing Bidding Procedures in Connection with the Proposed Sale, (C) Approving the Form and Manner of Notice of the Transaction, (II) Shortening Notice of this Motion and the Transaction to the Extent Necessary to Comply with the Dates and Deadlines Requested by this Motion, (III) Setting a Hearing Date to Consider Final Approval of the Contemplated Transactions; and (IV) Limiting Notice of this Motion (But Not the Transaction)** [Doc 408] (the "Sale Motion").[1]

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

4. By the Sale Motion, the Debtors sought, among other things, authority to sell (the "Sale") all, or substantially all, of their assets (the "Assets") free and clear of all interests, including liens, claims, security interests and encumbrances (collectively, the "Interests"), through a bidding and auction process, with the Interests to attach to the proceeds of the sale with the same rights, validity and priority as the original Interests possessed with respect to the Assets.

5. Because the Debtors' principal assets are contracts and commercial leases (together with certain owned real property), the Sale Motion also requested authority to assume and assign the Debtors' leases and franchise agreements (the "Contract Assignment Procedures") to the Asset purchaser (or potentially, purchasers).

6. By Order entered November 16, 2018 (the "Sale Procedures Order"), the Court granted the Sale Motion, in part, by approving the bidding and Contract Assignment Procedures, and setting the date and time of (a) the Auction, for December 20, 2018, at 11:00 a.m., and (b) the Sale Approval Hearing, for January 3, 2019, at 10:00 a.m. [Doc 453].

7. On November 16, 2018, the Debtors served a copy of the Sale Procedures Order (which included notice of the Auction and the Sale Approval Hearing), on the Debtors' full combined creditor matrix. *See* Doc. 455.

8. On December 17, 2018, the Debtors filed an Assignment Schedule containing the Preliminary Assignment Information, and served the

Assignment Schedule on each Contract Counterparty (see Sale Procedures Order at 14 ¶¶ A.2 and A.3). [Doc 506]

9. On December 20, 2018, the Debtors conducted the Auction, with EYM Foods II, LLC, having tendered the highest bid (the "EYM Bid") — after a series of bidding that increased the EYM Bid by $1.0 million (and included various other modifications favorable to the Debtors' estates).

10. The EYM Bid provides for a closing on or before the 15th day following entry of the Sale Approval Order (the "Closing Deadline"), but EYM has agreed that, if the Sale Approval Hearing is continued, then the Closing Deadline will remain as the 15th day following after the January 3, 2019, initial date for the Sale Approval Hearing.

11. The Successful Bid Announcement Date is scheduled for December 27, 2018.[2] *See* Sale Procedures Order Exhibit A at 1 ¶ 6.

12. On the Successful Bid Announcement Date, in addition to announcing the Successful Bidder and Back-Up Bidder, the Debtors are also required to file and serve notice of the Sale Approval Hearing (the "Sale Notice"), including a proposed form of the Sale Approval Order, by first class mail, on the

---

[2] Under the Sale Procedures Order, the Debtors have a week, until Thursday, December 27, 2018, to designate the Successful Bidder and the Back-Up Bidder (because bids were based on proposed Asset Purchase Agreements that did not allow for apples-to-apples comparisons). Nevertheless, in view of events at the Auction, the Debtors almost certainly will be identifying the EYM Bid as the Successful Bid on the Successful Bid Announcement Date

Sale Notice Parties (as defined in the Bid Procedures Order Exhibit A at 12.A.1(a)-(j)).[3]

13. In addition, within 24 hours of the Successful Bid Announcement Date (the "Assignee Information Deadline"), the Debtors are required to file and serve the Assignee Information on the Contract Counterparties whose contracts or leases have been identified for assignment to the Successful Bidder or Backup Bidder, together with the proposed terms of the assignments. *See* Bid Procedures Order Exhibit A at 14.A.4.

14. Finally, the Sale Procedures Order requires any Contract Counterparty who objects to the assumption and assignment of its Contract or Lease to file an objection with the Court (an "Assignment Objection") – AT LEAST 48 HOURS PRIOR TO THE SALE APPROVAL HEARING (i.e., January 1, 2019) — and serve it on the Debtors, the ECF service list and the Successful Bidder and Backup Bidder

15. In view of (a) the enormous (and in many respects, unforeseeable) consumption of the Debtors' and their counsel's time in the days prior to the Auction (including the last-minute efforts of certain parties to obtain

---

[3] Although the Sale Procedures Order already has notified the full creditor body of the January 3 Sale Approval Hearing, the Sale Notice contemplated by the Sale Procedures Order will be a more fulsome document that, among other things, (a) notifies the parties of the Successful Bidder, (b) clearly apprizes secured creditors of the free and clear nature of the Sale (with liens to attach to the sale proceeds), and (c) sets forth the Debtors' intention to seek approval to assign various contracts and leases at the Sale Approval Hearing.

approval to participate the Action, and KFC's inability — for legitimate reasons — to approve EYM, a non-KFC franchisee, until 36 hours before the Auction), and (b) the two federal holidays and weekends falling between the Auction and the currently scheduled Sale Approval Hearing, the current schedule will not allow sufficient time for (x) Debtors' counsel to prepare the Sale Notice (with the proposed Sale Approval Order) and the Final Assignment Information, (y) serve such documents on the Sale Notice Parties and the Contract Counterparties, and (z) provide the Sale Notice Parties and the Contract Counterparties with adequate time to review the foregoing documents, determine whether to interpose objections to the Sale or to the Contract assignments and, if they so desire, file and serve such objections prior to the Sale Approval Hearing.[4]

16. Therefore the Debtors propose the following changes to the deadlines contained in the Bid Procedures Order:

---

[4] For the Court's information in considering the instant emergency Motion, Debtors' counsel has cancelled all plans for the week of December 24 through December 28, 2018, and fully anticipates (in part due to the absence of religious constraints) working on the requisite notices, pleadings and proposed Orders throughout the week's holidays (irrespective of whether the Motion is granted). Still, most of the other critical parties in interest, including the presumptive Successful Bidder, many of the Debtors' most significant creditors and professionals, and many of the Contract Counterparties, will be observing the religious holidays and are out of their offices through the January 1, 2019, federal holiday, and in many cases through the currently scheduled Sale Approval Hearing. Accordingly, even if the Debtors served the requisite notices and other documents prior to the Sale Procedures Order's deadlines, the Sale Notice Parties and the Contract Counterparties would possess inadequate time to review the materials and to file and serve objections prior to the current deadlines.

        a.      Extend the Sale Notice Deadline by one day, to December 28, 2018;

        b.      Fix the Assignee Information Deadline to run concurrently with Sale Notice Deadline (i.e., to December 28, 2018); and

        c.      Continue the Sale Approval Hearing to January 10, 2019, at 10:00 a.m. (or, as secondary preferences, January 9 or 11, 2019), subject of course to the Court's schedule.

17. The foregoing changes will ensure both that the Debtors have sufficient time to prepare and serve the Sale Approval Order and Final Assignment Information, and that all interested parties have adequate time to review the Sale Notice, the proposed Sale Order and the Final Assignment Information, and pursue timely objections if such parties so desire.

18. Furthermore, the proposed extended deadlines and the Sale Approval Hearing continuance will not delay the required closing date for the Sale.

### Notice of the Motion and Rescheduled Sale Hearing

19. The Debtors are serving this Motion on all parties who have filed an appearance and request to receive electronic notices in the Cases through the CM/ECF System.

**20. If the Court enters an Order granting the relief sought in the Motion (the "Sale Modification Order"), including but not limited to rescheduling the Sale Approval Hearing, the Debtors**

**will serve notice of the Sale Modification Order (including the new date for the Approval Hearing and its impact on the other dates and deadlines of the Sale Procedures Motion) on the Sale Notice Parties and the Contract Counterparties within 24 hours of the Court's entry of the Sale Modification Order.**

## Conclusion

WHEREFORE, the Debtors pray that the Court enter, on an emergency basis, a Sale Modification Order (i) modifying the dates and deadlines of the Sale Procedures Order as set forth above, (ii) continuing the Sale Approval Hearing to on or about January 10, 2019, and (iii) granting the Debtors such other and further relief as the Court may deem just and proper.

Dated: December 23, 2018

                                Respectfully submitted,

                                By: /s/ Jonathan A. Backman

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 N. Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX: (309) 820-7430
jbackman@backlawoffice.com

*Counsel for Debtor Bartlett Management Services, Inc.,*
*Debtor Bartlett Management Indianapolis, Inc., and*
*Debtor Bartlett Management Peoria, Inc.*

**CERTIFICATE OF SERVICE**

I, Jonathan A. Backman, an Illinois attorney, hereby certify that on December 23, 2018, I filed the foregoing **Debtors' Emergency Motion (I) to Modify Sale Procedure Order Deadlines, (II) to Continue the January 3, 2019, Sale Approval Hearing to on or Around January 10, 2019, and (III) to Approve Notice to All Creditors and Other Parties in Interest of the Continued Dates and Deadlines**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Erika Barnes on behalf of Creditor KFC Corporation
ebarnes@stites.com, mdennis@stites.com;docketclerk@stites.com

Mark A Bogdanowicz on behalf of Creditor Heartland Bank and Trust Company
mbogdanowicz@howardandhoward.com, pkinsman@howardandhoward.com

Edward Q Costa on behalf of Creditor Eichenauer Services, Inc.
costa@smsjslaw.com

James T. Finegan on behalf of Interested Party Robert Clawson
jasfin@aol.com, fineganbankruptcylaw@yahoo.com; rfinegan@gmail.com

Craig Solomon Ganz on behalf of Creditor SCF-HW-G, LLC
ganzc@ballardspahr.com, PHXDocketingbkr@ballardspahr.com; hartt@ballardspahr.com

Harold Hirshman on behalf of Creditor Kmart Stores of Illinois LLC
Harold.hirshman@dentons.com

David Anthony Izzo on behalf of Creditor Eichenauer Services, Inc.
david.izzo@selective.com, stuart.rappaport@selective.com; lucia.vojacek@selective.com

Brian David Jones on behalf of Creditor KFC Corporation
bdjones@sorlinglaw.com

Cari Kauffman on behalf of Creditor American Honda Finance Corporation
ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com

Kathryn A. Klein on behalf of Creditor Ally Bank and Ally Financial Inc.
rb_bank@riezmanberger.com, riezmanberger@gmail.com

David P. Lloyd on behalf of Interested Party EYM Foods II, LLC
dlloyd@davidlloydlaw.com, courtdocs@davidlloydlaw.com

Mark A. Ludolph on behalf of Creditor Ja-Bo, Inc.
mludolph@heylroyster.com, tphelps@heylroyster.com; peoctdocket@heylroyster.com

Matthew McClintock on behalf of Creditor Committee Official Committee of Unsecured Creditors
mattm@goldmclaw.com, teresag@restructuringshop.com;moniqueh@goldmclaw.com

Michael S. Myers on behalf of Creditor SCF-HW-G, LLC
myersms@ballardspahr.com, hartt@ballardspahr.com; PHXDocketingbkr@ballardspahr.com

Lisa M Peters on behalf of Creditor ARC CAFEUSA001, LLC
lisa.peters@kutakrock.com

Jeffrey D. Richardson on behalf of Creditor V5 Enterprises LLC Series B
jdrdec@aol.com

Jeffrey D. Richardson on behalf of JT Restaurant Group
 jdrdec@aol.com

Jennifer M. Rinn on behalf of Creditor BMW Bank of North America
Jenniferr@kropik.net, Jennifer@rinnrichmanlaw.com

Jennifer M. Rinn on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP
 Jenniferr@kropik.net, Jennifer@rinnrichmanlaw.com

Timothy E. Ruppel on behalf of U.S. Trustee U.S. Trustee
tim.ruppel@usdoj.gov, timmy.ruppel@gmail.com

Mark D. Skaggs on behalf of U.S. Trustee U.S. Trustee
Mark.D.Skaggs@usdoj.gov

Howard Marc Spector on behalf of Creditor Micromont Holdings 4, LLC
hspector@spectorjohnson.com

U.S. Trustee
USTPRegion10.PE.ECF@usdoj.gov

David L. Wentworth, II on behalf of Creditor Lynn Moses Plumbing, Inc.
dwentworth@hwgsb.com

and I further certify that I have caused the same to be served on the Debtors'

mailing matrices: NONE.

                                                              /s/ Jonathan A. Backman