**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARTLETT MANAGEMENT SERVICES INC., et al.[1], | ) ) ) | Case No. 17-71890 |
| | ) | (Jointly Administered) |
| Debtors. | ) ) ) | **Ref: Docket Nos. 506 and 528** |
| | ) | |

**OBJECTION OF ARC CAFEUSA001, LLC TO
PROPOSED ASSUMPTION AND ASSIGNMENT OF MASTER LEASE**

COMES NOW ARC CAFEUSA001, LLC ("Landlord"), by and through its undersigned counsel, and objects to the proposed assumption and assignment of Landlord's Master Lease (as hereinafter defined) as set forth in that certain *Notice of Filing of Assignment Schedule* [Docket No. 506] (the "Assignment Schedule") and that certain *Notice of Assignee Information of Various of Debtors' Contracts and Leases in Connection with Debtors' Motion to Sell Substantially All of Its Assets* [Docket No. 528] (the "Assignment Notice") filed by Debtors Bartlett Management Services, Inc. ("BMSI"), Bartlett Management Indianapolis, Inc. ("BMII"), and Bartlett Management Peoria, Inc. ("BMPI"; BMSI, BMII and BMI are, collectively, the "Debtors"). As more fully set forth in this Objection, Landlord objects to (i) the cure amount relating to its Master Lease stated in the Assignment Schedule and, by incorporation, the Assignment Notice, and (ii) any potential assumption and assignment of its Master Lease without providing for a full and complete cure and adequate assurance of future performance. In support of this Objection, Landlord respectfully states the following:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Bartlett Management Services, Inc. (4428); Bartlett Management Indianapolis, Inc. (2750); and Bartlett Management Peoria, Inc. (1543).

4851-5601-1141.2

**BACKGROUND**

1. On or about December 5, 2017, Debtors filed their respective voluntary petitions for relief under chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

**A.    The Master Lease and Guaranty.**

2. Landlord owns the following nonresidential real property, including the buildings and improvements located thereon:

- 3035 South 11 Street, Rockford, Illinois 61109 (identified by Debtors as Store No. 3)
- 1000 Charleston Avenue, Mattoon, Illinois 61938 (identified by Debtors as Store No. 10)
- 309 North Washington Street, Crawfordsville, Indiana 47933 (identified by Debtors as Store No. 12)
- 1310 East Pershing Road, Decatur, Illinois 62526 (identified by Debtors as Store No. 19)
- 1850 West Jefferson, Springfield, Illinois 62702 (identified by Debtors as Store No. 24)
- 1111 North 9th Street, Springfield, Illinois 62702 (identified by Debtors as Store No. 25)
- 501 Prospect Road, Bloomington, Illinois 61704 (identified by Debtors as Store No. 26)
- 1293 North State Road 135, Greenwood, Indiana 46142 (identified by Debtors as Store No. 28)
- 2401 North Morton Street, Franklin, Indiana 46131 (identified by Debtors as Store No. 31)
- 2310 Lincoln Avenue, Charleston, Illinois 61920 (identified by Debtors as Store No. 43)

(collectively, the "Properties")

3. Landlord leases the Properties to BMSI pursuant to that certain Master Lease dated as of April 1, 2014 (as may have been amended and collectively with all exhibits, addenda, attachments and amendments thereto, are collectively, the "Master Lease") by and between Landlord, as landlord, and BMSI, as tenant. The Master Lease is a single, unitary, unseverable master lease of all of the Properties and neither the Master Lease nor the duties, obligations or

rights of BMSI are or may be allocated or otherwise divided among the Properties by BMSI. The Master Lease is currently effective, has not been effectively terminated, rejected, assigned or otherwise rendered unenforceable or ineffective.

4. In connection with the Master Lease, each of BMII and BMPI executed and delivered to and for the benefit of Landlord that certain Guaranty of Master Lease dated September 10, 2014 (the "Guaranty"). Pursuant to the Guaranty, BMII and BMPI each absolutely and unconditionally guaranteed and promised to Landlord the due, punctual, and full performance by BMSI of each and all of the covenants, obligations, liabilities and promises of BMSI to be performed during the term of the Master Lease and the truth and accuracy of each and all of the representations and warranties of BMSI contained in the Master Lease, including without limitation, the payment of the base annual rental, the additional rental, and any and all other sums payable under the Master Lease (not to exceed $600,000 in the aggregate).

**B.    The Sale Process.**

5. On November 16, 2018, the Court entered its *Order Granting Procedural Issues With Respect to the Proposed Sale of Some or Substantially All of the Debtors' Assets* [Docket No. 453] (the "Sale Procedures Order"). Pursuant to the Sales Procedures Order, the Court approved certain procedures with respect to bidding, lease and contract assumption and assignment, and the approval of a possible sale of substantially all of Debtors' assets.

6. The Sale Procedures Order requires that upon receipt of an adequate assurance package from a potential bidder that submits a bid the Debtors reasonable believe will be a "Qualified Bid" (as defined therein), the Debtors must serve such adequate assurance package for on non-Debtor counterparties to any lease or contract that may be assumed and assigned to such potential bidder. *See Sale Procedures Order*, Exhibit A, ¶ A.1., pp. 13-14.

7. Pursuant to the Sale Procedures Order, Debtors held an auction with respect to bids it received for substantially all of its assets on December 20, 2018. Pursuant to the Assignment Notice, Debtors identified EYM Foods II, LLC ("EYM") as the prevailing bidder.

**C.    The Proposed Assumption and Assignment of the Master Lease.**

8. Pursuant to the Assignment Schedule and the Assignment Notice, the Debtors seeks permission to, among other actions, fix the cure amounts due with respect to certain executory contracts and unexpired leases, including the Master Lease, and assume and assign the Master Lease with modified terms to EYM. The Assignment Schedule states that in connection with a sale of substantially all of the Debtors' assets, the Debtors seek to assume and assign the Master Lease (a) on the following modified terms: (i) reduction of the annual rent thereunder from $1,246,919.16 to $775,845.00, and (ii) a 10% increase in the then applicable base rent every five years (the "Modified Terms"); and (b) by remitting a cure amount of $298,798.23. *See Assignment Schedule*, Exhibit 1, p. 1. The Assignment Notice identifies the Master Lease as being a lease that the Debtors seek to assume and assign to EYM. *See Assignment Notice*, Exhibit A, p. 2.

9. Landlord and Debtors previously discussed proposed terms upon which BMSI would assume the Master Lease. No amendment or other agreement was entered into (or even prepared) between Landlord and BMSI documenting such proposed terms.

10. Landlord has agreed, in principal, to permit BSMI to assume and assign the Master Lease to EYM's newly created subsidiaries, EYM Chicken of Illinois LLC ("EYM Illinois") and EYM Chicken of Indiana LLC ("EYM Indiana") as co-tenants with joint and several liability, provided that EYM Chicken LP provide a guaranty of such obligations under the Master Lease.[2] The foregoing terms are subject to (a) the preparation, finalization and documentation of the Modified Terms and new guaranty in an amendment and guaranty (and any other required ancillary

---

[2] All references hereafter to "EYM" shall be deemed to include "EYM Illinois and EYM Indiana.

documents), each in form and substance satisfactory to Landlord, (b) payment of the required upon cure amounts under the Master Lease (or such amount as Landlord shall agree to in writing), and (c) an order approving the proposed sale transaction and assumption and assignment of the Master Lease in form and substance satisfactory to Landlord.

**OBJECTION**

**D.      The Cure Amounts Must Be Paid in Full.**

11.     As of the date hereof, monetary defaults exists under the Master Lease. The known, existing monetary defaults and obligations due and delinquent as of the date hereof with respect to the Master Lease are **$548,287.27**, which consists of the following amounts:

| | |
|---|---|
| July 2017 Late Fee | $   5,093.63 |
| August 2017 Late Fee | $   5,093.63 |
| September 2017 Late Fee | $   5,093.63 |
| October 2017 Late Fee | $   5,093.63 |
| November 2017 Base Monthly Rent | $101,872.49 |
| November 2017 Late Fee | $   5,093.63 |
| Remaining December 2017 Monthly Base Rent | $ 13,144.83 |
| December 2017 Late Fee | $   5,093.63 |
| January 2019 Base Monthly Rent | $103,909.94 |
| Real Estate Taxes | $298,798.23 |
| Total Cure Amount | $548,287.27 |

12.     The amounts identified in the immediately preceding paragraph are collectively, the "Current Lease Cure Obligations." The Current Lease Cure Obligations represent base rent, late fees and real estate tax obligations that were not paid when due by BMSI, as required under the Master Lease, and remain outstanding as of the date hereof. Under the terms of the Master Lease, the Debtor is responsible for the payment of, *inter alia*, all base rent, insurance, real estate taxes, sales taxes, late fees and common area maintenance amounts attributable or related to any of the Properties thereunder. Subject to Landlord's agreement to accept an amount less than the Current Lease Cure Obligation, Landlord objects to any assumption and assignment of its Master

5

Lease unless the Current Lease Cure Obligations are paid in connection with such assumption and assignment.

13. Additionally, rent and other monetary obligations will become due and owing pursuant to the Master Lease from and after January 9, 2019 and must be paid by the Debtors when due or paid in connection with any assumption and assignment of the Master Lease. The cure obligation under 11 U.S.C. § 365(b) mandates that an assumption or assumption and assignment of the Master Lease be barred unless all rent, charges, fines and other monetary obligations that become due pursuant to the Master Lease from and after the date hereof (a) are paid when due, or (b) are paid in full in connection with an assumption and assignment of the Master Lease. Accordingly, subject to Landlord's agreement otherwise, Landlord objects to any assumption and assignment of its Master Lease unless all base rent, insurance, real estate taxes, sales taxes, late fees, common area maintenance amounts and other monetary obligations that become due pursuant to the Master Lease from and after January 9, 2019 (y) are paid as and when due or (a) are paid in full in connection with an assumption and assignment of the Master Lease.

14. Additional monetary obligations may have accrued pursuant to the Master Lease but have not yet become the subject of an invoice or statement and may not become due prior to the entry of an order approving the assumption and assignment of the Master Lease. Non-exclusive examples of these accrued, but not yet due, obligations are real property taxes (which are billed in arrears for all of the Properties), sales taxes, insurance and common area maintenance obligations, as applicable, all of which must be paid by BMSI pursuant to the Master Lease. BMSI, and any proposed assignee, including EYM, must acknowledge, and any order approving cure amounts and the assumption and assignment of the Master Lease must provide, (a) that BMSI or any proposed assignee, including EYM, shall be liable for all amounts that have accrued but have not become the subject of a statement or other invoice without regard to whether such amounts are

6

attributable to a pre-petition or post-petition period or pre-assumption and assignment or post-assumption and assignment period; and (b) that payment of year-end adjustments, if any, will be made by BMSI or any assignee, including EYM, as and when due pursuant to the terms of the Master Lease.  Landlord objects to any assignment of its Master Lease to the extent that any order approving any assumption and assignment of the Master Lease does not obligate BMSI or any assignee, including EYM, to pay all obligations that have accrued under the Master Lease but have not yet become due and payable prior to the date an order is entered approving the assumption and assignment of the Master Lease.

**E.     Landlord's Actual Pecuniary Losses Must Be Paid in Full.**

15.     As set forth in the Master Lease, Landlord additionally asserts its right pursuant to 11 U.S.C. § 365(b)(1)(B) to be reimbursed as part of the cure payment for all of its actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to the Debtors' bankruptcy proceedings.  Subject to Landlord's agreement otherwise, Landlord further objects to the extent that all cure amounts are not immediately paid in full upon any assumption and assignment of the Master Lease, including all of its actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to the Debtors' bankruptcy proceedings.

**F.     The Indemnification Obligations Under the Master Lease Must be Satisfied.**

16.     The Master Lease also provides that BMSI must indemnify and hold Landlord harmless with regard to any and all claims suffered by Landlord and arising from BMSI's use and occupancy of the Properties.  BMSI and any assignee of the Master Lease, including EYM, must assume all indemnification liabilities set forth in the Master Lease or BMSI must be required to evidence, or obtain adequate insurance in order to guaranty that its indemnity responsibilities will be met.  Claims for indemnity may include, but are not limited to, claims for personal injuries which occur at any of the Properties where BMSI, any of the other Debtors or Landlord are joined

7

as a party defendant, damage and destruction to the property by BMSI or its agents, or claims for environmental damage or environmental cleanup. Landlord objects to any assumption and assignment of the Master Lease to the extent that it does not obligate BMSI or any assignee of the Master Lease, including EYM, to be responsible for all indemnification liabilities or obligate BMSI to otherwise provide assurance that such indemnification obligations will be satisfied, including, without limitation, with respect to any claims that may have arisen prior to the effective date of the assumption and assignment of the Master Lease.

**G.    The Master Lease Must Be Assumed and Assigned in Its Entirety.**

17.    It is well-established that under 11 U.S.C. § 365, a chapter 11 debtor-in-possession that seeks to assume or assume and assign a lease or other executory contract must either assume (or assume and assign) the entire contract, *cum onere*, or reject the entire contract, shedding all obligations as well as benefits. *See e.g. N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531 (1984) (debtor-in-possession assumes executory contract *cum onere* if electing to assume contract); *see also*, *In re National Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (when debtor assumes executory contract, it must assume entire contract, *cum onere*, accepting both the obligations and the benefits exactly as they exist). A chapter 11 debtor-in-possession may not assume (or assume and assign) a lease or executory contract on any different terms than exist on the petition date, without the express agreement of the non-debtor party to the contract or lease. *See Id*.

18.    Because the Master Lease is a single, unitary, unseverable master lease of all of the Properties, the Master Lease must be assumed and assigned in its entirety. BMSI cannot assume and assign the Master Lease to EYM in any form other than the existing master lease structure with respect to all of the Properties thereunder. Any attempt by BMSI or EYM to assume and assign the Master Lease on any terms is impermissible. Landlord objects to any assumption and

8

4851-5601-1141.2

assignment of the Master Lease to the extent BMSI or any assignee of the Master Lease, including EYM, seek to assume and assign the Master Lease in a form other than the master lease structure covering all of the Properties thereunder.

## RESERVATION OF RIGHTS

19. Landlord expressly reserve the right to amend or modify this Objection. Landlord further reserves all rights, claims and remedies arising out of the Master Lease and under applicable bankruptcy and non-bankruptcy law. Additionally, this Objection is without prejudice to the Landlord's ability to raise further objections at the hearing.

## CONCLUSION

20. The Debtors and EYM have failed to demonstrate that any assumption and assignment of the Master Lease will fully comply with all of the requirements of 11 U.S.C. § 365(b) including, but not limited to, (a) a cure of all defaults; and (b) adequate assurance of future performance. Landlord objects to any assumption and assignment of Master Lease until such time as full compliance with section 365(b) of the Bankruptcy Code has been demonstrated or Landlord, Debtors and EYM otherwise consensually resolve Landlord's objections set forth herein. Landlord is continuing to work with Debtors and EYM to address and resolve such concerns and objections prior to the hearing to approve the sale to EYM and related assumption and assignment of the Master Lease and files this Objection to preserve its rights out of an abundance of caution.

**WHEREFORE**, absent consensual resolution of the matters set forth above, Landlord (i) objects to any assumption and assignment of the Master Lease as set forth herein and requests that the cure amounts for the Master Lease be set at the Current Lease Cure Obligation amount identified above, in all cases, together with attorneys' fees, any additional actual pecuniary losses and such additional amounts as may become due prior to any assumption and assignment of the

Mater Lease (collectively, the "Lease Cure Amounts"); (ii) objects to any assumption and assignment of the Master Lease unless a complete and immediate payment of all Lease Cure Amounts with respect to the Lease is made prior to the assumption and assignment of the Master Lease and such assumption and assignment otherwise adequately resolves the objections set forth above; and (iii) objects to any assumption and assignment of the Master Lease on any modified terms or in any form other than the existing master lease structure with respect to all of the Properties thereunder; and (iv) requests such other and further relief as may be just and required under all of the circumstances.

Dated this 9th day of January, 2019.

Respectfully submitted,

*/s/ Lisa M. Peters*
Lisa M. Peters
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
E-mail: lisa.peters@kutakrock.com

*Counsel for ARC CAFEUSA001, LLC*

4851-5601-1141.2

# CERTIFICATE OF SERVICE

I, Lisa M. Peters, an attorney licensed to practice in the United States District Court for the Central District of Illinois, hereby certify that on January 9, 2019, I filed the foregoing **Objection of ARC CAFEUSA001, LLC to Proposed Assumption and Assignment of Master Lease** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan A Backman on behalf of Debtor Bartlett Management Indianapolis, Inc.
jabackman@backlawoffice.com, ebackman@backlawoffice.com

Jonathan A Backman on behalf of Debtor Bartlett Management Peoria, Inc.
jabackman@backlawoffice.com, ebackman@backlawoffice.com

Jonathan A Backman on behalf of Debtor Bartlett Management Services, Inc.
jabackman@backlawoffice.com, ebackman@backlawoffice.com

Erika Barnes on behalf of Creditor KFC Corporation
ebarnes@stites.com, mdennis@stites.com;docketclerk@stites.com

Mark A Bogdanowicz on behalf of Creditor Heartland Bank and Trust Company
mbogdanowicz@howardandhoward.com, pkinsman@howardandhoward.com

Edward Q Costa on behalf of Creditor Eichenauer Services, Inc.
costa@smsjslaw.com

James T Finegan on behalf of Interested Party Robert Clawson
jasfin@aol.com, fineganbankruptcylaw@yahoo.com; rfinegan@gmail.com

Craig Solomon Ganz on behalf of Creditor SCF-HW-G, LLC
ganzc@ballardspahr.com, PHXDocketingbkr@ballardspahr.com; hartt@ballardspahr.com

Harold Hirshman on behalf of Creditor Kmart Stores of Illinois LLC
Harold.hirshman@dentons.com

David Anthony Izzo on behalf of Creditor Eichenauer Services, Inc.
david.izzo@selective.com, stuart.rappaport@selective.com; lucia.vojacek@selective.com

Brian David Jones on behalf of Creditor KFC Corporation
bdjones@sorlinglaw.com

Cari Kauffman on behalf of Creditor American Honda Finance Corporation
ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com

Kathryn A. Klein on behalf of Creditor Ally Bank and Ally Financial Inc.
rb_bank@riezmanberger.com, riezmanberger@gmail.com

David P. Lloyd on behalf of Interested Party EYM Foods II, LLC
dlloyd@davidlloydlaw.com, courtdocs@davidlloydlaw.com

Mark A. Ludolph on behalf of Creditor Ja-Bo, Inc.
mludolph@heylroyster.com, tphelps@heylroyster.com; peoctdocket@heylroyster.com

Matthew McClintock on behalf of Creditor Committee Official Committee of Unsecured Creditors
mattm@goldmclaw.com, teresag@restructuringshop.com;moniqueh@goldmclaw.com

Michael S. Myers on behalf of Creditor SCF-HW-G, LLC
myersms@ballardspahr.com, hartt@ballardspahr.com; PHXDocketingbkr@ballardspahr.com

Lisa M Peters on behalf of Creditor ARC CAFEUSA001, LLC
lisa.peters@kutakrock.com

Jeffrey D. Richardson on behalf of Creditor V5 Enterprises LLC Series B
jdrdec@aol.com

Jeffrey D. Richardson on behalf of JT Restaurant Group
jdrdec@aol.com

Jennifer M. Rinn on behalf of Creditor BMW Bank of North America
Jenniferr@kropik.net, Jennifer@rinnrichmanlaw.com

Jennifer M. Rinn on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP
Jenniferr@kropik.net, Jennifer@rinnrichmanlaw.com

Timothy E. Ruppel on behalf of U.S. Trustee U.S. Trustee
tim.ruppel@usdoj.gov, timmy.ruppel@gmail.com

Mark D. Skaggs on behalf of U.S. Trustee U.S. Trustee
Mark.D.Skaggs@usdoj.gov

Howard Marc Spector on behalf of Creditor Micromont Holdings 4, LLC
hspector@spectorjohnson.com

U.S. Trustee
USTPRegion10.PE.ECF@usdoj.gov

David L. Wentworth, II on behalf of Creditor Lynn Moses Plumbing, Inc.
dwentworth@hwgsb.com

4851-5601-1141.2

and I further certify that I have caused the same to be served on the Debtors' mailing matrices:

NONE.

                                                          */s/ Lisa M. Peters*